## O. C. RICHARDSON ET AL v. BAMBERGER, BLOOM & Co.

**Damages—Officers Neglect to Execute Process—Instructions.**

In a suit against an officer for failure to execute a process to be served, an instruction "It is no excuse for his failure to levy said process without delay that he had in his hands other papers of a less summary character" is held erroneous, without an explanation to the jury of the meaning of "less summary."

**Same—Evidence of Removal of Property.**

It is error to refuse a defendant proof of the probable cost of removal and taking care of property, where sued for damages for his dereliction as this would be material to lessening of the damages recoverable.

APPEAL FROM MEADE CIRCUIT COURT.

February 12, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

It was appellant's duty as sheriff of Meade county to execute all legal precepts and process directed to him to execute, with diligence and reasonable promptness, and to enable him to discharge these duties he should have as many deputies as such business would require.     And it is the duty of the sheriffs also to apply to the offices of the clerks of the county and circuit courts of their respective counties for precepts directed to them to execute, as frequently as the ordinary business transacted in said offices may require, but it would be very difficult and impracticable to prescribe how often each day (Sundays excepted) such applications should be made, depending somewhat upon the approach of a circuit court, the usual amount of litigation in the county, etc.

In this view of the case no objection is perceived to instruction No. 1, giving on motion of appellees.

But the second instruction is objectionable.     What meaning is to be attached to the expression,

> "It is no excuse for his failure to levy said process without delay that he had in his hands other papers of a less *summary character,*"

the jury might not readily have comprehended.     We must, however, presume that the court intended by the terms "a less summary character" a particular character of process which did not require as much dispatch, and the necessity for its execution as pressing as the attachment of appellee's, and while the jury may, and we may assume did, so understand the instruction, still it was erroneous, in not explaining to them what papers, if the sheriff had such, "were less summary," instead of making them the judges of the character of such papers and process as required the more prompt action.

By another instruction the jury were told that the criterion of damages, if they found for appellees, was the value of the property which Wolf had, less the cost of removing, taking care of, etc., and still when appellant offered to prove the probable cost of removing and taking care of the same, the evidence was objected to and the objection sustained by the court, this was also erroneous; the evidence was material and competent and should not have been refused.

Wherefore, the judgment is reversed and the cause is remanded for a new trial and for further proceedings consistent herewith.

*Walker,* for appellants.

*Farleigh, Alexander,* for appellees.